# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SP SILICA OF OAKWOOD, LLC, a Delaware limited liability company, | ) ) ) |
| Plaintiff, | ) ) |
| -vs- | ) Case No. CIV-20-142-F ) |
| PRESTON MASQUELIER and CANDY MASQUELIER, | ) ) ) |
| Defendants. | ) ) |

## ORDER

The court has a duty to inquire into its own jurisdiction. Tuck v. United Services Automobile Association, 859 F.2d 842 (10th Cir. 1988).

The complaint alleges that the court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Doc. no. 1, ¶ 3. The court, however, concludes that the jurisdictional allegations are insufficient to establish diversity jurisdiction.

The complaint alleges that "Defendants are individuals who reside in Blaine or Dewey County, Oklahoma, but in any event, within the boundaries of the Western District of Oklahoma." Doc. no. 1, ¶ 2. However, residence is not the equivalent of citizenship. State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994); Walden v. Broce Const. Co., 357 F.2d 242, 245 (10th Cir. 1966). For any number of reasons, an individual can "reside" in one place but be domiciled in another place. For adults, domicile is established by physical presence in a place, coupled with an intent to remain there. Mississippi Band of Choctaw

Indians v. Holyfield, 490 U.S. 30, 48 (1989). A natural person is a citizen of the state in which he or she is domiciled. Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir. 1983). The complaint must allege the state where defendants are citizens. This allegation may be based upon plaintiff's information and belief.

Additionally, the complaint alleges that "Plaintiff is a Delaware limited liability company with its principal place of business in Wilmington, Delaware" and that "[n]one of the members of Plaintiff are citizens or residents of Oklahoma." Doc. no. 1, ¶ 1. The citizenship of a limited liability company is determined by the citizenship of all its members. *See*, Spring Creek Exploration & Production Company, LLC v. Hess Bakken Investment, II, LLC, 887 F.3d 1003, 1014 (10th Cir. 2018). Although plaintiff alleges that its members are not citizens of Oklahoma, this is insufficient. *See*, Simmons v. Rosenberg, 572 F. Supp. 823, 825 (E.D.N.Y. 1983) (merely averring that a party is a citizen of a state other than the State of New York is "clearly insufficient to establish diversity jurisdiction.") The complaint must identify all the members of plaintiff and the state or states of citizenship.[1]

Accordingly, plaintiff is **DIRECTED** to file a First Amended Complaint, **no later than March 4, 2020**, which provides the missing jurisdictional information

---

[1] If a member of plaintiff is an individual, plaintiff must identify the individual's state of citizenship as opposed to the individual's state of residence. If a member of plaintiff is a business entity, then plaintiff must provide the appropriate jurisdictional information pertaining to that business entity. *See generally*, 15 James WM. Moore, Moore's Federal Practice, §§ 102.50-102.57 (3d ed. 2019). Further, plaintiff must trace the citizenship of its members through "however many layers [] there may be." *See*, D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 127 (1st Cir. 2011).

relating to plaintiff and defendants. Failure to comply may result in the dismissal without prejudice of this action.[2]

IT IS SO ORDERED this 19th day of February, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0142p001.docx

---

[2] Lest it be thought that this requirement exalts formalities a bit too much, the court will note that it is not unusual for the Tenth Circuit, after a case has run its course in the district court, to remand the case because the jurisdictional allegations made at the very outset of the case were deficient – a turn of events that can and should be avoided so that the parties may litigate on the merits without having to worry about losing the benefit of a judgment in the final stage of litigation.